# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JOSEPH GASTON,** | CASE NO. 1:18 CV 2440 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| | **OPINION AND ORDER** |
| **LAKE SHORE TOWERS, et al.,** | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Joseph Gaston filed this action under the Fair Housing Act, 42 U.S.C. § 3604, 42 U.S.C. § 1982 and 42 U.S.C. § 1983 against Lake Shore Towers, Pinzone Towers, Winton Manor, Euclid Beach Villa, National Church Residences, C.H.N. Housing Partners and Ohio Housing Finance Agency. In the Complaint, Plaintiff alleges each of the Defendants declined his rental application, citing his past felony criminal record. He asserts Defendants discriminated against him on the basis of disability and race. He seeks monetary and injunctive relief.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Doc. No. 2). That Motion is granted.

## I. BACKGROUND

Plaintiff alleges that between December 2017 and March 2018, he submitted rental applications to Lake Shore Towers, Pinzone Towers, Winton Manor, Euclid Beach Villa,

National Church Residences and C.H.N. Housing Partners. He alleges he was informed by each of them that his application was denied on the basis of his prior felony conviction, credit report, past evictions and inaccurate or misleading information on his application. He appealed the denial of those applications, providing evidence to support his claim that he was not evicted. The decisions, however, were upheld on the basis of the felony conviction.

Plaintiff contends the Defendants engaged in discriminatory housing practices, including refusal to rent, discrimination in rental terms and refusal to make reasonable accommodations in rules, policies and practices, in violation of the Fair Housing Act. He further alleges he has a disability which substantially impair major life functions, but he does not elaborate on what his disability is. It appears he may be suggesting his prior conviction is a disability. He contends the Defendants failed to make a reasonable accommodation in their rules and policies to allow him to rent from them, again in violation of the Fair Housing Act. He states this has caused him to remain in a state of homelessness in violation of the Due Process Clause of the United States and violates the Eighth Amendment. He claims the Ohio Housing Finance Agency grants federal monies in the form of subsidized tax credits to qualified apartment owners to make low income housing available to individuals who qualify for their programs. He contends the Ohio Housing Finance Agency violated his rights under Ohio law by granting the Defendants federal money when they knew or should have known Defendants were engaging in discriminatory conduct.

## II. LAW AND ANALYSIS

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**Fair Housing Act**

Plaintiff asserts the Defendants violated the Fair Housing Act ("FHA"), by refusing to rent to him and by refusing to modify their rental policies to allow him to qualify as a renter. The FHA, 42 U.S.C. § 3604, makes it unlawful to:

> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.
>
> (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

Those protections were extended to disabled persons in 1988. *See* 42 U.S.C. § 3604(f)(2).

Here, the Defendants did not deny Plaintiff's housing applications on the basis of race, color, religion, gender, familial status, national origin or disability. Plaintiff allege Defendants declined his applications because he had been convicted of a second degree felony. Having a felony criminal record is not a characteristic protected by the FHA and it does not qualify as a disability. He fails to state a claim for relief under the FHA.

**41 U.S.C. § 1982**

Similarly, 42 U.S.C. § 1982 protects citizens against racial discrimination in the purchase, lease and sale of real and personal property. To establish a *prima facie* case for violations of §1982, Plaintiff must show: (1) he is a member of a racial minority; (2). that he applied for and was qualified to rent or purchase a vacant apartment; (3) that Defendants acted with racial discriminatory intent in rejecting his application; and (4) that the opportunity to rent the vacant apartment remained open. *Selden Apartments v. United States Dep't. of Hous. and*

*Urban Dev.,* 785 F.2d 152, 159 (6th Cir. 1986); *Darby v. Heather Ridge*, 806 F. Supp. 170, 173–74 (E.D. Mich. 1992). Plaintiff does not reveal his race and the Complaint contains no facts which even remotely suggest that any of the Defendants denied his application based on his race. Furthermore, Plaintiff's Complaint suggests he was not qualified to rent any of the apartments. Under the rental policies in question, his prior felony conviction rendered him ineligible.

**42 U.S.C. § 1983**

Finally, Plaintiff fails to state a claim under 42 U.S.C. § 1983. To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government agency, official or employee. These Defendants are private apartment complexes, not government agencies.

A private party may be found to have acted under color of state law, but only under limited circumstances such as when the party acted together with or obtained significant aid from state officials to such a degree that its actions are essentially those of the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A private party may also be deemed a state actor if it exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). The only connection with a government entity that Plaintiff alleges is that Defendants receive federal funds. Plaintiff does not indicate how receipt of federal funds qualifies as state action. Furthermore, even if the funding came from or through the state, the actions of a private entity do not become state action merely because the

government provides funding to the private party. *See Rendell–Baker v. Kohn,* 457 U.S. 830, 840 (1982).

### III. CONCLUSION

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, his Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 3) and his Motion for Appointment of Counsel (Doc. No. 4) are denied, and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

s/ Christopher A. Boyko

CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.